WO

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Cheryl Harris, | ) | |
| Plaintiff, | ) | CV 06-138 TUC DCB |
| v. | ) | |
| Janet Napolitano, Arizona Department of Health Services Licensing Facilities, Tucson Medical Center, Shelli L. Collingham, Arizona State Board of Nursing, Arizona Physician Board of Medical Examiners, | ) ) ) ) ) | **ORDER** |
| Defendant. | ) ) | |

On March 16, 2006, Plaintiff lodged an affidavit of inability to pay costs or give security for the commencement of this action, and it appears that she meets the *in forma pauperis* requirements of 28 U.S.C. §1915.

Plaintiff's Complaint states that she seeks relief for violations of her Constitutional Patients' Bill of Rights.  Plaintiff asserts that Defendants violated her rights by attempted negligent homicide by narcotic poisoning.  She complains that "they" should have their licensing suspended.  Defendants are Tucson Medical Center, medical personnel, state licensing organizations, and the Governor.

On April 4, 2006, Plaintiff sent this Court a letter explaining that she has a serious heart problem and may need heart surgery.  She believes that her heart may have been damaged by the alleged narcotic poisoning at TMC on June 20, 2005.  She explains that she filed a case with the Licensing Service for Medical Facilities, but her case was never investigated.

Plaintiff has called the Court three times and left the following messages. She claims that she doesn't know who, but someone is threatening to murder her if she doesn't keep her mouth closed. She claims she received an anonymous tip from someone she believes works at TMC, telling her that the Licensing Board was bribed to not investigate her claim. She is extremely ill and needs heart surgery.

While the Court is sympathetic to the Plaintiff's serious medical condition, the Court is unable to protect her physical well being, and she is advised to contact the police regarding any threats of murder. The Court is equally constrained in the relief it may afford her.

Federal courts are courts of limited jurisdiction and may only adjudicate those cases over which they have subject matter jurisdiction: basically those cases involving diversity of citizenship or a federal question. *Kikkonen v. Guardian Life Ins. co. of America*, 511 U.S. 375 (1994). Where there is neither diversity nor a constitutional violation of an individual's rights, this Court has no jurisdiction.

Section 1915(d) provides for dismissal of a Complaint filed *in forma pauperis* if the Court is convinced that the action is frivolous. Frivolousness exists if the plaintiff would not be entitled to relief under any arguable construction of law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Factual frivolousness includes allegations that are "clearly baseless," "fanciful," "fantastic," or "delusional." *Id*. at 327-28. Unlike Rule 12(b)(6), § 1915 "`accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.'" *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Neitzke*, 490 U.S. at 327).

Alternatively, legal frivolousness justifies dismissal under § 1915(d) where a complaint is based on "an indisputably meritless legal theory...[such as] claims against which

1  it is clear that the defendants are immune from suit, and claims of infringement of a legal

2  interest which clearly does not exist...."  *Neitzke,* 490 U.S. at 327.

3      Here, Plaintiff's claim of attempted negligent homicide by narcotic poisoning is

4  essentially a malpractice claim that is properly brought in state court.  Plaintiff fails to allege

5  any facts that would bring this action within the jurisdiction of the federal court.

6      She alleges that Defendants violated the Constitutional Patients' Bill of Rights, but

7  there is no such provision in the Constitution or any of its Amendments.  While there has

8  been considerable discussion in Congress about adopting a Patients' Bill or Rights, it has

9  gone no further.  There are state laws and federal statutes, primarily those addressing

10  Medicare and Medicaid, that require health care providers, including hospitals, to inform

11  patients of their rights, which generally encompass grievance and appeal procedures.  Such

12  rights may be referred to as the Patients' Bill of Rights, but they are neither grounded in the

13  Constitution nor federal law, and there is generally no private right of action for individuals

14  to sue providers who violate these rights.  *Asselin v. Shawnee Mission Medical Center*, 894

15  F. Supp. 1479, 1485 (KS 1995) (no implied private cause of action against hospital under

16  statute dealing with Medicare service provider agreements).

17      Here, as Plaintiff's case stands there is nothing to suggest a constitutional violation

18  or violation of federal law occurred.  The Complaint is so factually deficient that the Court

19  finds there is no basis in fact or law to support it.  Specifically, the Court is unable to even

20  guess at what transpired, and it is impossible to attribute any specific acts to any specific

21  Defendant.  The Complaint fails to allege any factual basis for federal jurisdiction.  An *in*

22  *forma pauperis, pro se* litigant should, however, be given an opportunity to amend the

23  compliant to overcome a deficiency unless it is clear that no amendment can cure the defect.

24  *See eg., Potter v. McCall*, 433 F.2d 1087, 1088 (9th Cir. 1970); *Noll v. Carlson*, 809 F.2d

25  1446 (9th Cir. 1987).  The Court shall, therefore, dismiss the Complaint with leave to amend

26  to afford the Plaintiff one more chance to state a constitutional violation.

27

28

The Amended Complaint must comport with Rule 8 of the Federal Rules of Civil Procedure which provides that the pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.8(a)(2).  The purpose of Rule 8 is to prevent vague and ambiguous claims and ensure that defendants will be able to frame a responsive pleading.

In drafting the Amended Complaint, the Plaintiff must include sufficient factual details so that this Court can determine each claim existing against **each Defendant**.  The Plaintiff must refer by name to particular Defendants, whenever possible, in the body of the Amended Complaint, so that it is possible to determine which Defendant is being charged with responsibility for each particular grievance.  *Jackson v. Nelson*, 405 F.2d 872, 873 (9th Cir. 1968).

**Accordingly,**

**IT IS ORDERED** that the plaintiff may proceed *in forma pauperis*, without prepayment of fees and costs or security therefor, and that the Complaint be filed.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall date the Complaint as filed on the day that the Clerk of the Court received the petition.  *Cooper v. City of Ashland*, 871 F.2d 104, 105 (9th Cir. 1989).

**IT IS FURTHER ORDERED** dismissing the Complaint, *sua sponte*.

**IT IS FURTHER ORDERED** that Plaintiff has leave to file an Amended Complaint by May 10, 2006.

**IT IS FURTHER ORDERED** that THE AMENDED COMPLAINT MUST BE CLEARLY DESIGNATED AS "AMENDED COMPLAINT" ON THE FACE OF THE DOCUMENT.  The Amended Complaint must state specific allegations against proper Defendant(s), named as Defendant(s); and identify who participated in which activities alleged in the Complaint; and state what injury, if any, Plaintiff suffered as a result of the

4

activities of each Defendant.  THE AMENDED COMPLAINT MUST BE RETYPED[1] OR REWRITTEN IN ITS ENTIRETY AND MAY NOT INCORPORATE ANY PART OF THE ORIGINAL COMPLAINT BY REFERENCE.  Local Rule 7.1(c).

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to DISMISS all claims and to close this case, without further notice to Plaintiff, if Plaintiff fails to file the Amended Complaint by May 10, 2006.

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must follow the Federal Rules of Civil Procedure and the Local Rules of Practice for the U.S. District Court of Arizona (local rules).[2]  Plaintiff is instructed to take special notice of Local Rule 7.2 which provides specifics for civil motions, especially subsection (i) which provides that failure to file a timely response, or any other such non-compliance, "may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily."

**IT IS FURTHER ORDERED** that in the event Plaintiff proceeds with this action, she must comply with the rules of service.  Fed. R. Civ. P. 4-6.  Plaintiff shall serve upon Defendants or upon their counsel, a copy of every further pleading submitted to the Court. Plaintiff shall include a certificate stating the date a true and correct copy of any document was mailed to each Defendant or their counsel.  The Court will disregard any document which has not been filed with the Clerk or which fails to include a Certificate of Service.

**IT IS FURTHER ORDERED** that the Plaintiff shall not have any *ex parte* communications with this Court, including telephone calls and letters.

---

[1]Plaintiff is advised to type the Amended Complaint because her handwriting is difficult to read and there were instances where the Court could not read certain words contained in the Complaint.

[2]The Local Rules of Practice for the United States District Court, District of Arizona, may be obtained at the Pima County Law Library or accessed on the Court's website: www.azd.uscourts.gov.

1    **IT IS FURTHER ORDERED** that all documents, including the letter sent by the

2    Plaintiff to this Court dated April 4, 2006, shall be filed in this case and made a part of the

3    record in this case.  The letter is attached and shall be entered in the docket by the Clerk of

4    the Court.

5        DATED this 25th day of April, 2006.

6

7

8

9

10

11

12                                            David C. Bury

13                                    United States District Judge

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                            6